UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN E. GROSSE,

                              Plaintiff,

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-4137 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff John E. Grosse ("Grosse") brings this action under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Social Security Administration's ("SSA's") denial of his claim for supplemental security income ("SSI"). (Compl. (Docket Entry # 1).) The Commissioner moves and Grosse cross-moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Def.'s Mot. (Docket Entry # 17); Pl.'s Mot. (Docket Entry # 13).) As set forth below, the court denies both motions and remands proceedings to the Commissioner.

**I.    STANDARD OF REVIEW**

    **A.    Rule 12(c)**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applied under a Rule 12(b)(6) motion. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A court is required "to accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem.

1

Co., 517 F.3d 104, 115 (2d Cir. 2008). In addition to the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Schaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

### B. Administrative Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009). "[I]t is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). "Legal error" consists of incorrect determinations on points of statutory or regulatory law made by the Commissioner. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). In assessing a legal determination made by the Commissioner, "[the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ. Failure to apply the correct legal standards is grounds for reversal." Id.

## II. BACKGROUND

Grosse was born on March 24, 1961. (Administrative Transcript ("Tr.") (Docket Entry # 8) at 39.) On October 12, 2005, Grosse filed a claim for SSI alleging disability due to foot pain. (Id. at 30-35.) The Commissioner denied his claim, and Grosse requested a hearing before an Administrative Law Judge ("ALJ"). (Id. at 23-29.) On May 1, 2007, ALJ Katherine Edgell

held a hearing regarding Grosse's claim. (Id. at 316-39.) On June 28, 2007, the ALJ issued an unfavorable decision. (Id. at 12-21.) Grosse then sought review before the SSA Appeals Council, which denied his request on September 9, 2008. (Id. at 7-11.) By operation of 42 U.S.C. § 405(g), this became the final judgment of the Commissioner. Grosse timely filed his Complaint on October 6, 2008. See 42 U.S.C. § 405(g).

## III. DISCUSSION

### A. Standard of Review for Determining Disability

To determine whether a claimant is entitled to SSI or DIB, an ALJ utilizes a five-step analysis, as set forth in 20 C.F.R. § 404.1520(a)(4). The Second Circuit, in Dixon v. Shalala, described this five-step analysis:

> The first step in the sequential process is a decision whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied.
>
> If not, the second step is a decision whether the claimant's medical condition or impairment is "severe." If not, benefits are denied.
>
> If the impairment is "severe," the third step is a decision whether the claimant's impairments meet or equal the "Listing of Impairments" . . . of the social security regulations. These are impairments acknowledged by the Secretary to be of sufficient severity to preclude gainful employment. If a claimant's condition meets or equals the "listed" impairments, he or she is conclusively presumed to be disabled and entitled to benefits.
>
> If the claimant's impairments do not satisfy the "Listing of Impairments," the fourth step is assessment of the individual's "residual functional capacity," i.e., his capacity to engage in basic work activities, and a decision whether the claimant's residual functional capacity permits him to engage in his prior work. If the residual functional capacity is consistent with prior employment, benefits are denied.
>
> If not, the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform "alternative occupations available in the national economy." If not, benefits are awarded.

54 F.3d 1019, 1022 (2d Cir. 1995).

3

B.  The ALJ's Decision

Under step one of the analysis, the ALJ found that Grosse did not engage in substantial gainful activity since his alleged disability onset date of August 15, 2004. (Tr. at 17.) Under step two, the ALJ found that Grosse suffered from osteoarthritis of both feet, a severe medical impairment. (Id. at 17-19.) Under step three, the ALJ concluded that Grosse's condition did not meet or exceed the Listing of Impairments. (Id. at 19.) Under step four, the ALJ concluded that Grosse possessed residual functional capacity to work, but could not return to his prior jobs as a maintenance worker, front desk clerk, or driver. (Id. at 19-20.) And under step five, the ALJ concluded that despite Grosse's severe impairment, he could perform jobs that existed in significant numbers in the national economy. (Id. at 21.)

Contesting these findings, Plaintiff's counsel, Herbert S. Forsmith, submits a rudderless, stream-of-consciousness brief, twenty-two pages long. As the court recently noted in Harper v. Astrue, No. 09-cv-3803 (NGG) (E.D.N.Y. Dec. 23, 2010), Mr. Forsmith has routinely submitted similarly incomprehensible filings in this court. See, e.g., Pl.'s Mot., Peck v. Astrue, No. 1:07-cv-03762 (NGG) (E.D.N.Y. Nov. 17, 2008); Pl.'s Mot., Messina v. Comm'r of Soc. Sec., No. 1:08-cv-03539 (CBA) (E.D.N.Y. June 8, 2009); Pl.'s Mot., Moss v. Astrue, No. 1:08-cv-01255 (ARR) (E.D.N.Y. Dec. 23, 2008). Nor is this the first time this court has complained of the quality of Mr. Forsmith's briefs. See Green v. Astrue, No. 07-CV-1269 (ARR), 2009 WL 1349257, at *2 (E.D.N.Y. May 13, 2009); Rivera v. Astrue, No. 07-CV-3129 (ARR), 2009 WL 1351044, at *2 (E.D.N.Y. May 13, 2009). The court strongly counsels Mr. Forsmith to make discrete, sensible arguments in his future moving papers. For now, the court will address Mr. Forsmith's arguments as best it can comprehend them.

1. <u>Analysis of Impairments Under Step Three</u>

Grosse appears to contest the ALJ's finding under step three that Grosse's impairment did not meet or exceed the SSA's Listing of Impairments. (Pl.'s Mot. at 8-10.) Although Grosse's submission sheds little light on the issue, even a cursory review of the ALJ's decision shows that the ALJ failed to engage in any analysis – whatsoever – regarding step three. The ALJ's decision merely states that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Tr. at 19.) While an ALJ's failure to provide a rationale for her decision under step three is not *per se* legal error, "where credibility determinations and inference drawing is required of the ALJ. . . . [the court should] not hesitate to remand the case for further findings or a clearer explanation for the decision." <u>Berry v. Schweiker</u>, 675 F.2d 464, 469 (2d Cir. 1982); <u>see also</u> <u>Aponte v. Sec'y, DHHS</u>, 728 F.2d 588, 592-93 (2d Cir. 1984). Here, the ALJ engaged in credibility determinations of the claimant and inference drawing from the medical evidence material to a proper analysis under step three. Therefore, the court must remand proceedings to the Commissioner for "a sufficient rationale in support of his decision to find or not to find a listed impairment." <u>Berry</u>, 675 F.2d at 469.

2. <u>The Treating Physician Rule</u>

Grosse next appears to argue that the ALJ did not properly apply the treating physician rule to the opinion of Grosse's treating podiatrist, Dr. Gianni Persich. (Pl.'s Mot. at 10-12.) A treating physician is defined as a physician "who has provided the [claimant] with medical treatment or evaluation, and who has or who had an ongoing treatment and physician-patient relationship with the individual." <u>Sokol v. Astrue</u>, No. 04-CV-6631 (KMK) (LMS), 2008 WL 4899545, at *12 (S.D.N.Y. Nov. 12, 2008) (quoting <u>Schisler v. Sullivan</u>, 3 F.3d 563, 569 (2d Cir. 1993)) (internal quotation marks omitted).

The treating physician rule requires an ALJ to give a treating physician's opinion "controlling weight" if "the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). "[A]n ALJ may not reject a treating physician's disability opinion based 'solely' on internal conflicts in that physician's clinical findings." Carvey v. Astrue, No. 09-cv-4438, 2010 WL 2264932, at *2 (2d Cir. June 7, 2010) (citing Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998)). But, where other medical opinions in the record contradict the treating physician's opinion, an ALJ need not give the treating physician's opinion controlling weight. (Id.)

If an ALJ does not give controlling weight to the treating physician's opinion, the ALJ must assess several factors to determine how much weight to give the assessment. 20 C.F.R. § 404.1527(d)(2). Specifically, an ALJ must assess the length, nature, and extent of the treatment relationship; the "supportability" of the medical opinion; the consistency of the opinion with other evidence in the record; the treating physician's specialization, if any; and any other factors the claimant may bring to an ALJ's attention. 20 C.F.R. § 404.1527(d)(2)-(d)(6). While an ALJ need not recite each one of these factors by rote, it must be clear from her decision that "the ALJ applied the substance of the treating physician rule." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004). In any event, an ALJ must provide "good reasons" for the lack of weight given to the treating physician's opinion. Kennedy v. Astrue, 343 F. App'x 719, 722 (2d Cir. 2009). "A reasonable basis for doubt that the ALJ applied the correct legal standard in determining the weight to afford the treating physician can be grounds for remand." Sutherland

v. Barnhart, 322 F. Supp. 2d 282, 291 (E.D.N.Y. 2004) (citing Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)).

Here, the ALJ appeared to have given controlling weight to Dr. Persich's opinions. He analyzed Dr. Persich's opinions concerning Grosse's difficulty ambulating due to a left great toe deformity, cited Dr. Persich's diagnosis of hallux rigidus, neuroma, limb pain, and joint contracture, and recorded Dr. Persich's notation of Grosse's complaints of pain in his right first metatarsophalangeal joint. (Id. at 17-18.) The ALJ also appeared to give controlling weight to Dr. Persich's conclusions that, by January 13, 2007, Grosse was able to

> stand and walk for 1 hour each and sit for up to 6 hours in an 8-hour work day and lift/carry up to 10 pounds. . . . occasionally climb stairs or ramps, balance, stoop, kneel, crouch, and crawl. . . . shop, travel without a companion, ambulate without a wheelchair/walker/or 2 canes or crutches, walk a block or more at a reasonable pace on rough or uneven surfaces, use standard transportation, climb a few steps at a reasonable pace without using a hand rail, and prepare simple meals.

(Id. at 18.) Nothing in the ALJ's decision suggests he gave these opinions less than controlling weight. Indeed, the ALJ referenced these opinions as evidence that Grosse was not disabled under the Social Security Act, and gave controlling weight to Dr. Persich's opinion over a state disability examiner's report. (Id. at 20.) The ALJ did not err in applying the treating physician rule.

### 3. Credibility Analysis

Grosse appears to argue that the ALJ failed to properly take into account Grosse's subjective complaints of his impairment. (Pl.'s Mot. at 16-20.) To assess a claimant's allegations concerning the severity of her disabilities under step four, an ALJ must engage in a two-step analysis. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(b)). And second,

"[i]f the claimant does suffer from such an impairment . . . the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." Id. (internal quotation marks omitted) (citing 20 C.F.R. § 404.1529(a)). If an ALJ finds that the claimant's testimony is not consistent with the record, the ALJ must weigh the credibility of the claimant's testimony in light of:

> (1) the claimant's daily activities;
>
> (2) the location, duration, frequency, and intensity of the pain;
>
> (3) precipitating and aggravating factors;
>
> (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain;
>
> (5) any treatment, other than medication, that the claimant has received;
>
> (6) any other measures that the claimant employs to relieve the pain; and
>
> (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain.

Meadors v. Astrue, 370 F. App'x 179, 184 n.1 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(c)(3)).

The ALJ found that Grosse's "medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. at 20.) While the ALJ had good reasons to question Grosse's complaints, given the fact that Grosse "testified he lives in a 4th floor walk-up apartment, drives occasionally, washes dishes, and attends church occasionally," (id.), the ALJ did not assess Grosse's credibility in light of the factors set forth in 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ wholly failed to consider factors (2) through (7). (See id.) The ALJ committed legal error in this regard as well.

8

### 4. Analysis of Capacity to Perform Alternative Occupations

Grosse appears to argue that the ALJ erred under step five by failing to engage in an analysis of jobs that he could perform given his residual functional capacity. (Pl.'s Mot. at 21.) The ALJ's analysis under step five totals one sentence: "Based on the claimant's age (a younger individual), education (high school graduate), past work experience (unskilled), and maximum sustained work capacity (sedentary), Rules 201.27 and 201.21 in Table No. 1 of Appendix 2, Subpart P, Regulation No. 4 direct a conclusion of 'not disabled.' " (Tr. at 21.) Analysis this cursory does not subject the ALJ's opinion to meaningful review. See Meadors, 370 F. App'x at 184-85. The ALJ, therefore, committed legal error here as well.

### 5. Other Arguments

Aside from the actual infirmities in the ALJ's opinion, discussed above, Grosse presents a number of frivolous assertions in his cross-motion. First, Grosse cryptically argues that "[t]he evidentiary record does not contain the report of a state agency disability medical examiner. The report identified as having been prepared by a DDS physician was provided by a non-medical disability analyst." (Pl.'s Mot. at 8) (internal citation omitted). Untangling Grosse's counsel's riddling assertion, it appears that he argues that the state disability examiner's report should not have been considered because the examiner does not have a medical background. But Grosse cannot point to any requirement that a state disability examiner must have medical training or that an ALJ's reliance on a report by one without such training constitutes legal error. Grosse's argument here fails.

Second, Grosse argues that the ALJ committed various legal errors under the Hearings, Appeals and Litigation Law Manual ("HALLEX"). (Pl.'s Mot. at 13, 14, 20-21.) It appears that although Mr. Forsmith has been repeatedly counseled that HALLEX is not controlling law, Mr. Forsmith has nonetheless copied and pasted these sections of his brief from prior submissions.

9

See Harper v. Commissioner, No. 09-cv-3803 (NGG), at 6-7 (E.D.N.Y. Dec. 23, 2010) (collecting examples of Mr. Forsmith's HALLEX arguments). Here, the court will simply state again that a failure to follow procedures outlined in HALLEX does not constitute legal error. Martinez v. Astrue, No. 3:07-cv-699 (SRU), 2009 WL 840661, at *2 n.1 (D. Conn. Mar. 30, 2009) (quoting Schweiker v. Hansen, 450 U.S. 785, 789 (1981)); see also Bordes v. Comm'r of Soc. Sec., 235 F. App'x. 853, 859 (3d Cir. 2007); Lowry v. Barnhart, 329 F.3d 1019, 1023 (9th Cir. 2003).

Third, and similarly, Grosse argues that the ALJ improperly relied on "vague" medical reports. As with his *identical* argument in Harper, however, Grosse's counsel *again* does not point to any specific deficiencies in any of the medical examiners' reports. See Harper, at 8. Grosse's argument here fails as well.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Judgment on the Pleadings is DENIED, and Plaintiff's Cross-Motion is DENIED. The court remands this case to the Commissioner for proceedings consistent with this opinion.

SO ORDERED.

Dated: Brooklyn, New York
January 13, 2011

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

10